FILED
SUPERIOR COURT
OF GUAM

2024 JAN -5 PM 3: 52

CLERK OF COURT

BY:

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SH ENTERPRISES, INC., | CIVIL CASE NO. CV0338-21 |
| Plaintiff, | |
| vs. | |
| TERRITORY OF GUAM; GENERAL SERVICES AGENCY, DEPARTMENT OF ADMINISTRATION; and the OFFICE OF PUBLIC ACCOUNTABILITY, | **DECISION AND ORDER** |
| Defendants. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on September 6, 2023, for a bench trial[1] on Plaintiff S.H. Enterprises, Inc.'s ("Plaintiff") Verified Complaint appealing the April 27, 2021 decision of the Public Auditor. Present were Attorney Joseph McDonald on behalf of the Office of Public Accountability ("OPA"), Assistant Attorney General Sandra Miller on behalf of the Government of Guam ("Government"), and Attorney Vanessa Williams on behalf of Plaintiff S.H. Enterprises, Inc. ("Plaintiff"). The Court is asked to resolve two issues: (1) whether the Public Auditor has the authority to order debarment in the context of a procurement

---

[1] That the parties agreed to submit on their trial briefs and on the administrative record

appeal, and (2) whether the Public Auditor's decision to debar the Plaintiff during a procurement appeal violated the due process rights of the Plaintiff.

This matter was brought as a civil action. Upon review and consideration of the pleadings, the applicable statutes and case law, and the administrative record, the Court now issues the following:

## BACKGROUND

This case arises out of a procurement appeal that is now being appealed from the OPA to the Superior Court. On September 25, 2019, GSA published Invitation for Bid No. GSA-056-19 (the "IFB") seeking nutrition services for the comprehensive management, operations, and maintenance of the elderly nutrition program, congregate meals, and home-delivered meal components (the "Elderly Nutrition Program") on behalf of the Department of Public Health & Social Services (DPHSS). Plaintiff and Basil Food Industrial Services Corp. ("Basil") responded to the IFB. On November 8, 2019, GSA issued a Bid Status Report announcing that it would award the Elderly Nutrition Program contract to Plaintiff.

On November 22, 2019, Basil filed a protest with the GSA over the award of the IFB to Plaintiff ("First Protest"). GSA denied Basil's protest on November 30, 2019, leading Basil to file a procurement appeal with the OPA on December 16, 2019 ("Basil's Appeal"). On February 7, 2020, Basil filed a second protest to the GSA regarding the award of the IFB to Plaintiff based on the Governor of Guam's use of the Plaintiff's Hakubotan Building as the Guam War Claims Office ("Second Protest"). GSA denied the Second Protest on February 8, 2020, after which Basil filed its second appeal with the OPA on February 27, 2020 ("Second Appeal"). The two appeals were consolidated on March 13, 2020.

On December 11, 2020, the Public Auditor issued a written Decision ordering that Plaintiff's award of the Elderly Nutrition Program contract be terminated. On December 28, 2020, Plaintiff filed a civil action with the Superior Court appealing the OPA's Decision to terminate its contract. The OPA's December 11, 2020 Decision also held that Plaintiff's donation of the Hakubotan building violated the Procurement Law's ethical standards. The OPA deconsolidated Basil's appeals and issued an Order to Show Cause ("OSC") to Plaintiff to show why it should not be suspended or debarred for the alleged breach of ethical standards.

On January 11, 2021, the Public Auditor held a hearing on the OSC. On April 27, 2021, the Public Auditor issued a Decision, which ordered that Plaintiff be debarred from consideration of future government procurement awards for a period of one year. On May 11, 2021, Plaintiff filed its Verified Complaint with the Superior Court appealing the Public Auditor's April 27, 2021 debarment decision. On July 12, 2021, the Government filed its Answer.

## DISCUSSION

**A. Legal standard**

The Court may review debarments for whether the debarment or suspension is in accordance with the statutes and regulations. 5 GCA § 5480(b). During such review, decisions of the Public Auditor, including the application or interpretation of the procurement law or regulations, are entitled to great weight and the benefit of reasonable doubt, although it shall not be conclusive on any court having competent jurisdiction. 5 GCA § 5704(b). In reviewing the Public Auditor's decision, any determination of an issue or a finding of fact by the Public Auditor will be considered final and conclusive, unless the Court finds it to be arbitrary, capricious, fraudulent, clearly erroneous, or contrary to law. 5 GCA § 5704(a). The factual findings in the Public Auditor's decision may be considered clearly erroneous and subject to reversal if they are unsupported by substantial evidence. *Basil Food Indus. Services Corp. v.*

*Territory of Guam*, 2019 Guam 29 ¶ 8. Substantial evidence is more than a mere scintilla, but less than a preponderance, and must be such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

Questions of law in the Public Auditor's decision are considered by the Court *de novo*, giving great weight and the benefit of reasonable doubt to the Public Auditor's legal conclusions. *Basil*, 2019 Guam 29 ¶ 9. If the decision is contrary to law, the decision will bear no conclusive effect or finality. *DFS Guam L.P. v. A.B. Won Pat Int'l Airport*, 2020 Guam 20 ¶ 44. After reasonable notice to the person involved and reasonable opportunity for that person to be heard, the Chief Procurement Officer, Director of Public Works, or head of a purchasing agency, after consultation with the using agency and the Attorney General, may have authority to debar that person for cause from consideration for award of contracts. § 5426(a). The Chief Procurement Officer, Director of Public Works, and heads of purchasing agencies may exercise their authority to debar or suspend in accordance with regulations promulgated by the Policy Office. *Id.*

**B. The Public Auditor has the authority to order debarment in the context of a procurement appeal.**

the Public Auditor is statutorily granted the power to review and determine *de novo* any matter properly submitted to him, with the sole exception being disputes that have to do with money owed to or by the government of Guam. § 5703(a),(b). The Guam Administrative Rules and Regulations ("GARR") similarly state that the Public Auditor shall have the power to review and determine *de novo* any matter properly submitted to him, save for disputes having to do with money owed to or by the government of Guam. 12 GARR § 12103(a). "The Public Auditor's jurisdiction shall be utilized to promote the integrity of the procurement process and the purposes of 5 GCA Chapter 5." *Id.*

Plaintiff argues that the Public Auditor's role in debarment proceedings is strictly limited to reviewing appeal of a decision to debar or suspend. The Court finds, to the contrary, that the Public Auditor has jurisdiction to initiate debarment or suspension proceedings on appeal, for the reasons below.

The Public Auditor, by statute, may review and determine any matter properly submitted to him *de novo*. 5 GCA § 5703. The Court's determination of the scope of the Public Auditor's authority under § 5703 is a question of statutory interpretation, and issues of statutory interpretation are also reviewed *de novo*. *People v. Diaz*, 2007 Guam 3 ¶ 10; *People v. Flores*, 2004 Guam 18 ¶ 8. True *de novo* review is not limited in any way by the interpretation of a lower court or agency; by definition it is a "new," non-deferential review of the issues presented. *Port Auth. of Guam v. Civil Service Comm'n*, 2018 Guam 9 ¶ 14.

If the government entities enumerated in 5 GCA § 5426 are authorized to debar, the Court finds that the Public Auditor, having the ability to review those entities' decisions *de novo*, must also be so authorized. Otherwise, if the Court were to accept Plaintiff's position, every decision under 5 GCA § 5426 to not debar a contractor would be outside the reach of the Public Auditor, as there would be no mechanism to appeal that decision denying debarment. The Court does not agree that the statutes, read as a whole, support the proposition that the Public Auditor cannot serve as final arbiter in such a case, particularly when the Public Auditor has "the power to review and determine *de novo* any matter properly submitted to her or him." 5 GCA § 5703(a).

Furthermore, 5 GCA § 5426 establishes that the authority to debar or suspend shall be exercised in accordance with regulations promulgated by the Policy Office. In the Court's review, there has not been shown to be any policy in place to guide the Chief Procurement Officer, the Director of Public Works or the head of a purchasing agency, in addressing the

complaint when any of the above officials decide against debarment. 15 GCA §§ 5651(b)(1) and 5651(d) also provide that, in the event that non-employees are found to breach ethical standards, the Procurement Policy Office itself is capable of imposing debarment in addition to existing remedies, despite not being explicitly authorized to do so under § 5426. The Court interprets this to mean that the Public Auditor, statutorily having the power to review and determine *de novo* any matter properly submitted to him, is already authorized to debar or suspend, and that § 5426 merely concurrently grants that authority to the Chief Procurement Officer, the Director of Public Works, and the heads of the purchasing agencies.

### C. The Public Auditor's decision to debar Plaintiff during a procurement appeal did not violate Plaintiff's due process rights.

The Court finds that the Public Auditor's debarment of a contractor on a procurement appeal does not violate Plaintiffs due process rights. Before issuing its debarment decision, the Public Auditor issued an order for Plaintiff to show cause on December 11, 2020, and conducted an OSC hearing on February 8 and 9, 2021, in which all parties presented evidence, examined and cross-examined witnesses, and made arguments as to why Plaintiff should or should be suspended or debarred for violating the Procurement Law's ethical standards. The Court finds that, because the § 5426 debarment standard is to give reasonable notice to the person involved and reasonable opportunity for that person to be heard, the same due process standard applies to the Public Auditor for debarment proceedings, and the Public Auditor has met that standard.

#### 1. The Public Auditor's finding that Plaintiff violated ethical standards was not clearly erroneous or contrary to law.

Finally, regarding the Public Auditor's finding that Plaintiff violated ethical standards, the Court finds that said finding was not clearly erroneous and contrary to law. The issue of whether Plaintiff violated ethical standards was part of the record on appeal, which the Court

finds was properly submitted to the Public Auditor. Again, per statute, the Public Auditor has the power to review and determine *de novo* any matter properly submitted to him, so long as the matter does not involve money owed to or by the government of Guam. 5 GCA § 5703. Because this issue was properly submitted and involved a non-monetary donation, the Court finds that it falls within the purview of the Public Auditor.

Decisions of the Public Auditor, including the application or interpretation of the procurement law or regulations, are entitled to great weight and the benefit of reasonable doubt. 5 GCA § 5704(b). In reviewing the Public Auditor's decision, statute mandates that the Court consider any determination of an issue or a finding of fact by the Public Auditor to be final and conclusive, unless the Court finds it to be arbitrary, capricious, fraudulent, clearly erroneous, or contrary to law. 5 GCA § 5704(a). Upon review of the Public Auditor's decision, the Court finds no part of the Public Auditor's determinations to be arbitrary, capricious, fraudulent, clearly erroneous, or contrary to law. Therefore, the Court affirms the decision of the Public Auditor.

## CONCLUSION

For the reasons stated above, the Court **AFFIRMS** the OPA's decision in this matter.

**IT IS SO ORDERED** ___JAN 0 5 2024___ .

_____
**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam